fraud upon the employee. There is no claim that it varies in any way from any representation made to the insured. There is no proof as to how he understood it. There is nothing to show how he probably would understand it, save the writing itself and the facts already stated herein. The cases before cited (*Lauze* v. *Insurance Co.*, 74 N. H. 334; *Gagne* v. *Insurance Co.*, 78 N. H. 439) determine this claim in favor of the defendant.

As the certificate given Bouffard informed him that the term of his insurance was "while in the employ," there is no occasion to consider whether knowledge of the provisions of the master policy is to be imputed to him.

*Exceptions overruled.*

All concurred.

Rockingham, }
Oct. 6, 1925. }

FRANK A. MOULTON v. CHARLES S. LANGLEY.

CASE, for negligence, being the same action reported in 81 N. H. 138. Trial by jury and verdict for plaintiff. The plaintiff, while riding in an automobile driven by one Marshall, was injured by a collision between Marshall's car and that of the defendant. The following requests for instructions were denied subject to the defendant's exception:

1. If the collision was a pure accident due to the physical conditions of the locality where it occurred there can be no recovery in this case.

2. If the collision occurred as the result alone or the combined negligence of the driver of the Moulton car and the physical conditions of the locality where the accident occurred, to whose fault those conditions of locality may be attributed, your verdict must be for the defendant.

The jury were instructed in part as follows:

"The mere fact that an accident occurs does not mean necessarily that anyone is financially responsible for the consequences. There must always be some legal fault on the part of a defendant before a verdict can be rendered against him, and if the plaintiff's injury is due in any slightest degree to his own fault there can be no recovery. . . .

If you believe that Mr. Langley was free from fault in all respects, that will bring you at once to the end of the case and you will return a verdict in his favor. . . .

Of course he (the plaintiff) cannot recover against Mr. Langley if the accident was due entirely to the fault of Mr. Marshall; for Mr. Langley must be guilty of some fault contributing to the accident before he can be held liable."

Transferred by *Marble*, J.

*Ernest L. Guptill* and *Bartlett & Mitchell*, for the plaintiff.

*William H. Sleeper*, for the defendant.

*Per Curiam.*     The instructions given cover the matters stated in the requests.

*Exception overruled.*

MARBLE, J., did not sit.

———————————

Strafford,          }
Dec. 3, 1925.     }

FLORENCE E. WOLCOTT, *by her next friend, v.*
WILLIAM E. FELLOWS *& a.*

ELEANOR C. WOLCOTT, *by her next friend, v.*
WILLIAM E. FELLOWS *& a.*

CASE, for negligence, the plaintiffs sustaining injuries in a collision with an automobile owned by the defendant Fellows and driven by the defendant Stroth. Trial by jury. The plaintiffs excepted to a nonsuit in favor of Fellows. Transferred by *Sawyer*, J.

*Snow & Cooper*, for the plaintiffs.

*Felker & Gunnison*, for Fellows.

*George T. Hughes*, for Stroth.

*Per Curiam.*     Upon the evidence it was for the jury to say whether Stroth was driving the car at the time of the collision as Fellows'